# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SED International, Inc.,

        Plaintiff,

   v.                               CIVIL ACTION NO.
                                    1:09-cv-01609-JOF

Kage Systems,

        Defendant.

## OPINION & ORDER

This matter is before the court on Plaintiff's motion for default judgment [4].

Plaintiff, SED International, Inc., filed suit against Defendant Kage Systems on June 16, 2009, alleging breach of contract concerning a March 18, 2008, credit agreement in relation to Kage Systems's purchase of computer equipment from SED International, Inc. Plaintiff served the complaint on Defendant on July 23, 2009. Defendant never answered the complaint and upon Plaintiff's motion, the Clerk of the Court entered default on August 20, 2009. Plaintiff then filed the instant motion for default judgment pursuant to Rule 55(b)(1) seeking $141,140 in principal; $21,191.88 in attorney's fees; $5,289.84 in interest as of August 17, 2009; post judgment interest at the legal rate; and costs. Defendant has not responded to the motion for default judgment and the court deems it unopposed.

The court may grant default judgment on those claims brought by Plaintiff that are legally sufficient and supported by well-pleaded allegations. *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. Ga. 1997) (Forrester, J.). Here, Plaintiff's complaint shows that on March 18, 2008, Kage Systems entered into a Credit Agreement in favor of SED International, Inc. Cmplt., ¶ 1. The Credit Agreement provides that Kage Systems will repay SED International principal, interest, and the costs of collection, including attorney's fees of 15% of the unpaid principal and interest. *Id.*, ¶ 6. Kage Systems failed to make timely payment for the goods. *Id.*, ¶ 8. Kage Systems defaulted under the terms of the Credit Agreement as of May 20, 2009. *Id.*, ¶ 9. In accordance with O.C.G.A. § 13-1-11, Plaintiff sent a demand letter to Defendant. *Id.*, ¶¶ 9-10.

Interest on the Credit Agreement accrues at 18% per annum. *See* Credit Agreement, Cmplt., Exh. A, ¶ 4. The Credit Agreement also provides that if the Note is collected by an attorney, Kage Systems "will pay attorneys fees in the amount of 15% of the principal and interest balance of the note." *Id.*, ¶ 5.

By its default, the defendant "admits the plaintiff's well-pleaded allegations of fact." *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, simply because Kage Systems is in default does not mean that a default judgment is warranted. *Id.* at 1206. Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Id.* "The defendant is not held to admit facts that are

2

not well-pleaded or to admit conclusions of law. . . . a default is not treated as an absolute confession by the [defendant] of [its] liability and of the [plaintiff's] right to recover." *Id.* Thus, the court must determine whether the well-pleaded allegations in the complaint deemed admitted by Kage Systems are sufficient to establish both Kage Systems's liability and the amount of damages such that Plaintiff's motion for default judgment must be granted.

The party claiming a breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. *See* O.C.G.A. § 13-3-1; *Broughton v. Johnson*, 247 Ga. App. 819, 819 (2001). Once such a contract is shown, the elements of a right to recover for the breach of said contract are (1) the breach and (2) "the resultant damages to the party who has the right to complain about the contract being broken." *Budget Rent-A-Car of Atlanta, Inc. v. Webb*, 220 Ga. App. 278, 279 (1996) (quoting *Graham Bros. Constr. Co. v. C. W. Matthews Contracting Co.*, 159 Ga. App. 546, 550 (1981)). The court finds that the well-pled allegations of the complaint set forth all of the required elements to establish Kage Systems's liability for breach of contract with respect to the Credit Agreement. Accordingly, the court finds that Plaintiff's claim for breach of contract under the Credit Agreement is legally sufficient and is supported by well-pleaded allegations.

AO 72A
(Rev.8/82)

"[A] judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996). Moreover, although a party in default admits the well-pleaded allegations of the complaint against it, the claimant "cannot satisfy the certainty amount simply by requesting a specific amount. He must also establish that the amount is reasonable under the circumstances." *Patray*, 931 F. Supp. at 869. Therefore, in order to grant the instant motion for default judgment with respect to the issue of damages, this court must find that the amount of damages is liquidated or can be reduced to a sum certain.

Here, the court finds that damages can be reduced to a sum certain. The well-pleaded allegations set forth the $141,140.00 Credit Agreement made by Kage Systems.[1] The Credit Agreement also specified late charges, interest rate, and attorney's fees. Under O.C.G.A. § 13-1-11(a)(3), obligations to pay attorney's fees on a note are valid and enforceable if the terms of the note so provide and the maker of the note is notified in writing that it can pay the principal and interest accrued on the note without the additional attorney's fees if payment is made within ten days from receipt of notice. *Id.* Here, Kage Systems was

---

[1]The figures requested in Plaintiff's motion for default judgment are supported by the affidavit of Karen Anne Colley a/k/a Chris Colley, who is Director of Litigation for SED International, Inc.

4

notified of its default and the potential for attorney's fees on June 4, 2009. *See* Cmplt., Exh. D; *Stinson v. Georgia Department of Human Resources Credit Union*, 171 Ga. App. 303, 303 (1984). Thus, the court finds that Plaintiff's claim for attorney's fees is also legally sufficient and is supported by well-pleaded allegations.

Accordingly, finding that Plaintiff's claims are legally sufficient and supported by well-pled allegations, the court GRANTS Plaintiff's motion for default judgment against Kage Systems [4]. Kage Systems is DIRECTED to pay Plaintiff the amounts of $141,140 in principal owed on the Credit Agreement; $1,879.20 in interest as of June 16, 2009; and $21,191.88 in attorney's fees.

**IT IS SO ORDERED** this 1st day of December 2009.

/s  J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)